BEFORE THE THIRD. DIVISION, FEBRUARY 19, 1941

No. 45425.—Protest 996926–G of Grant J. Hunt (San Francisco).

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty assessed on 220 boxes of tomatoes concerning which the

importer filed a notice of abandonment within 30 days after entry. The plaintiff claims relief from the payment of the duty under the provisions of section 506 (1), Tariff Act of 1930, which reads as follows:

## SEC. 506. ALLOWANCE FOR ABANDONMENT AND DAMAGE.

Allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

(1) ABANDONMENT WITHIN THIRTY DAYS.—Where the importer abandons to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination * * * any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be nondeliverable:

The regulation of the Secretary of the Treasury applicable in this case is article 809, Customs Regulations of 1931, as amended in T. D. 44518, reading as follows:

Art. 809. Abandonment under section 506 (1).—(a) A written notice of abandonment must be filed with the collector of customs at the port where the consumption entry is filed within 30 days after the date of entry as defined in article 281 or, in the case of examination packages, within 30 days after release, whether or not delivery is taken by the importer immediately after entry or release as the case may be. All such notices shall be stamped with the date of receipt in the customhouse.

(b) The collector shall cause the abandoned merchandise to be examined and identified with that described in the invoice used in making the entry. Merchandise abandoned under section 506 (1) must be identified to the satisfaction of the collector; and when repacking is necessary to segregate it from the balance of the shipment, such repacking should be done under customs supervision at the expense of the importer.

In T. D. 44518 the Secretary of the Treasury announced that section 506 (1) covers perishable merchandise.

An examination of the papers shows that the entry in this case, covering 575 boxes of tomatoes, was filed on January 25, 1938. The testimony of the customs broker who made the entry shows that on February 9, 1938, he filed an abandonment of 220 boxes of tomatoes from that shipment. This notice of abandonment, which is attached to the papers in the case and which is marked "exhibit 16 for identification", contains all the data required by the regulations. The customs broker testified that, after the notice of abandonment was filed, the collector did not notify him where to deliver the abandoned merchandise. The abandonment notice was filed well within the 30-day limitation prescribed by the statute.

The plaintiff introduced the testimony of four witnesses who had custody or control of the tomatoes from the time they were unloaded from the railroad car, on which they were imported, to the time the 220 boxes of tomatoes out of the shipment, which were decayed and unfit for consumption at that time, were delivered to the dump for destruction. The testimony indicates that the abandoned tomatoes remained in the original boxes, which were marked with an identifying stencil at the time they were unloaded, until they were dumped, the Department of Agriculture having condemned the contents of the entire 220 boxes on February 9, 1938, and ordered their destruction. The gross weight of the boxes of tomatoes destroyed is shown on the public weight master's certificate (exhibit 8) to be 8,490 pounds and it was stipulated between counsel that the wooden boxes weighed 5¼ pounds each, so that the net weight of the tomatoes destroyed was 7,335 pounds. The weightmaster's certificate is dated February 26, 1938, and, according to the testimony of the truckman, the condemned tomatoes were delivered at the dump on that date.

The collector did not give any reasons for refusing to make allowance for the 220 boxes of tomatoes in liquidation in his report to the court but the customs

inspector who examined them on February 14, 1938, testified that he could not identify them as coming out of the original shipment because "they looked like they might have been manipulated, picked over or segregated"; that "in a good many cases the boxes were not full"; that "in a good many cases the tomatoes looked like they might have been thrown in with others"; that "the wrappers were torn off others"; and "the wrappers were clinging to the tomatoes." He testified also that each box contained the identifying stencil which was placed on the shipment at the time of its arrival and that the tomatoes "were in pretty bad condition."

The importer explained that the reason the boxes were not full was because when the tomatoes rotted they shrunk, thus lowering the height of the tomatoes in the boxes.

We find from the uncontradicted testimony that the 220 boxes which were abandoned to the Government contained the tomatoes originally imported therein and that the customs inspector's suspicions were unwarranted.

The plaintiff complied with all the requirements of the regulations under section 506 (1) except delivering the abandoned merchandise to the collector. We are satisfied from an examination of the record in this case that 7,335 pounds of tomatoes, upon which the plaintiff claims refund of duty, were out of the shipment herein involved and that they were so far destroyed as to be nondeliverable to the collector. The importer paid all the expenses of destruction. As to the abandoned and destroyed tomatoes, which constitute more than 5 percent of the contents of the shipment, we hold that duty should not be assessed thereon. To that extent the protest is sustained and judgment will be entered in favor of the plaintiff.